UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK L. MCGUINNESS,<br><br>    Plaintiff,<br><br>v.<br><br>TXU ENERGY SOLUTIONS LP and<br>SCOTT HARRISON,<br><br>    Defendants. | Civil Action No. 04 CV 11170 JLT |

## DEFENDANT TXU ENERGY SOLUTIONS COMPANY LP'S ANSWER

Defendant TXU Energy Solutions Company LP ("Defendant TXU Energy Solutions") files this Answer to Plaintiff Patrick McGuinness' ("Plaintiff") Complaint (the "Complaint").

1.   Defendant TXU Energy Solutions admits that Plaintiff is a former employee of Defendant TXU Energy Solutions. Defendant TXU Energy Solutions admits that Plaintiff reported directly to Henry Clay Cox, Jr. ("Cox") beginning on or about May 2002. Defendant TXU Energy Solutions admits that Cox is an African American. Defendant TXU Energy Solutions denies the remaining allegations in Paragraph 1 of the Complaint.

2.   Defendant TXU Energy Solutions admits that the Court has subject matter jurisdiction under 28 U.S.C. § 1332. Defendant TXU Energy Solutions denies the remaining allegations in Paragraph 2 of the Complaint and denies that this Court has personal jurisdiction over Defendant Scott Harrison ("Harrison").

3.   Defendant TXU Energy Solutions denies the allegations in Paragraph 3 of the Complaint.

1

4. Defendant TXU Energy Solutions admits that Plaintiff is caucasian and is a citizen of the United States. Defendant TXU Energy Solutions is without information or sufficient knowledge to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 4 of the Complaint, and therefore, denies them.

5. Defendant TXU Energy Solutions admits that it is a for profit limited partnership with its principal place of business in Dallas, Texas. Defendant TXU Energy Solutions admits that Defendant Harrison was Director of Operations Management for the Energy Savings Agreement Group from either late 1999 or early 2000 until the present. Defendant TXU Energy Solutions admits that Defendant Harrison is a resident of Texas. Defendant TXU Energy Solutions denies the remaining allegations in Paragraph 5 of the Complaint.

6. Defendant TXU Energy Solutions admits the allegations in Paragraph 6 of the Complaint.

7. Defendant TXU Energy Solutions admits that Plaintiff was employed by Defendant TXU Energy Solutions from January 1, 1999 through August 1, 2003. Defendant TXU Energy Solutions admits that Plaintiff's last position with Defendant TXU Energy Solutions was project manager. Defendant TXU Energy Solutions denies the remaining allegations in Paragraph 7 of the Complaint.

8. Defendant TXU Energy Solutions denies the allegations in Paragraph 8 of the Complaint.

9. Defendant TXU Energy Solutions admits that Plaintiff sent a letter to the company dated July 24, 2003. Defendant TXU Energy Solutions denies the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant TXU Energy Solutions admits the allegations in Paragraph 10 of the Complaint.

11. Defendant TXU Energy Solutions denies the allegations in Paragraph 11 of the Complaint.

12. Defendant TXU Energy Solutions denies the allegations in Paragraph 12 of the Complaint.

13. Defendant TXU Energy Solutions denies the allegations in Paragraph 13 of the Complaint.

14. Defendant TXU Energy Solutions denies the allegations in Paragraph 14 of the Complaint.

### JURY CLAIM

Defendant TXU Energy Solutions acknowledges that Plaintiff has requested a trial by jury. No further response is necessary.

### DEFENSES

Defendant TXU Energy Solutions asserts the following defenses:

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred in whole or in part to the extent they are outside the applicable limitations periods.

3. Defendant TXU Energy Solutions had legitimate, non-retaliatory reasons for its actions.

4. Plaintiff's claims are barred in whole or in part to the extent he failed to exhaust administrative remedies.

5.  Plaintiff's claims are barred in whole or in part to the extent he failed to fulfill conditions precedent for filing this action.

6.  Plaintiff's claims are barred in whole or in part to the extent they exceed the scope of the allegations contained in a timely-filed Charge of Discrimination.

7.  Plaintiff's claims are barred in whole or in part to the extent the Court lacks personal jurisdiction over Defendant Harrison.

8.  Plaintiff's damages are limited to the extent Plaintiff failed to mitigate his damages.

9.  Plaintiff is not entitled to some or all of the relief requested in the Complaint because Defendant TXU Energy Solutions' actions were not malicious, egregious, in bad faith, or in willful or reckless indifference or disregard of any legal rights of Plaintiff.

10. Plaintiff's claims are barred because he has not engaged in any protected activity.

11. Plaintiff's claims for relief are limited to the extent statutory damages limitations apply.

12. Defendant TXU Energy Solutions denies that Plaintiff was subjected to any retaliatory employment practices but states that, if such a practice is found, the same employment decisions would been made in the absence of retaliatory motive.

13. Plaintiff's claim for punitive damages violates the United States Constitution and such claim does not bear a reasonable relationship to either (1) the degree of reprehensibility involved in Defendant TXU Energy Solutions' alleged conduct; (2) the alleged harm; or (3) damages awarded in comparable cases as required by the United States Supreme Court.

## CONCLUSION

WHEREFORE, having stated its affirmative and additional defenses and having fully answered Plaintiff's Complaint, Defendant TXU Energy Solutions prays as follows:

a.  That the Court dismiss all claims against Defendant TXU Energy Solutions with prejudice;

b.  That the Court enter judgment against Plaintiff and in favor of Defendant TXU Energy Solutions;

c.  That costs be assessed against Plaintiff;

d.  That Defendant TXU Energy Solutions be awarded its attorneys' fees and costs incurred in the defense of this action; and

e.  That the Court render to Defendant TXU Energy Solutions such other and further relief as it deems just and proper.

Respectfully Submitted,

TXU ENERGY SOLUTIONS COMPANY LP
By their Attorneys


/s/ W. Stephen Cockerham
Gregory A. Manousos, BBO # 631455
Morgan, Brown & Joy, LLP
One Boston Place
Boston, MA 02108
(617) 523-6666

W. Stephen Cockerham
Texas Bar No. 04463300
Hunton & Williams LLP
Energy Plaza, 30th Floor
1601 Bryan Street
Dallas, TX 75201
(214) 979-3000

Dated: August 2, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon attorney for Plaintiff, Paul A. Manoff, Attorney at Law, 47 Winter Street, 4th Floor, Boston, MA 02108, by first class mail, on this 2nd day of August, 2004.

/s/ Gregory A. Manousos
Gregory A. Manousos