UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK L. MCGUINNESS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TXU ENERGY SOLUTIONS LP and )<br>SCOTT HARRISON, )<br>)<br>Defendants. )<br>) | Civil Action No. 04 CV 11170 JLT<br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANT SCOTT HARRISON'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION**

Defendant Scott Harrison files this Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure as follows:

## I.
### INTRODUCTION

McGuiness, a former employee of Defendant TXU Energy Solutions Company LP ("TXU Energy Solutions"), brings this lawsuit against both TXU Energy Solutions and Harrison.[1]  Harrison is a Texas resident who does not have minimum contacts with Massachusetts.  Thus, this Court lacks personal jurisdiction over Harrison.  Indeed, personal jurisdiction is not authorized by the Massachusetts long-arm statute and the exercise of personal jurisdiction over Harrison offends the due process requirements of the United States Constitution.  As a result, the Court should dismiss McGuiness' claim against Harrison.

---

[1] McGuiness alleges that TXU Energy Solutions retaliated against him and that Harrison aided and abetted in the alleged retaliation.  McGuiness' Complaint ¶¶ 13-14.

1

## II.
## FACTUAL BACKGROUND

McGuiness began his employment with TXU Energy Solutions on or about January 1, 1999 when TXU Energy Solutions acquired Service Master Energy Management Company Group. During his employment, McGuiness was a project manager with the Energy Savings Agreement Group ("ESA"), which was based in Denver, Colorado. The Denver ESA Group is a subset of the Operations Management department of the Strategic Accounts Business Unit.[2]

McGuiness reported directly to the ESA Operations Manager, who worked in Denver. In May 2002, McGuiness began reporting to Henry Clay Cox when he was promoted to the position of ESA Operations Manager. Cox, who worked and resided in Denver, reported to Harrison, the Director of Operations Management, who works and resides in Texas. Neither the Denver ESA nor TXU Energy Solutions had any projects in Massachusetts.[3]

Although McGuiness worked out of his home in Massachusetts, he spent approximately three weeks per month outside of Massachusetts because all of his projects were located in other states. In fact, McGuiness' projects were primarily located in North Carolina, New Hampshire, Colorado, and California.[4]

Harrison is a resident of Texas and works in the Dallas, Texas office of TXU Energy Solutions. He has never resided or been employed in Massachusetts. He has not traveled to Massachusetts on business for TXU Energy Solutions. Nor has he transacted or solicited business in Massachusetts while employed with TXU Energy Solutions. In fact, the last time

---

[2] Affidavit of Scott Harrison ("Harrison Aff."), attached as Exhibit 1.

[3] Harrison Aff.

[4] Harrison Aff.

2

Harrison conducted business in Massachusetts for an employer was in 1990. Moreover, Harrison does not own any real or personal property or have any bank accounts in Massachusetts. And, he has not traveled to Massachusetts since 1995, when he vacationed there. Indeed, Harrison has never been to Massachusetts for any reason related to McGuiness' employment with TXU Energy Solutions.[5]

### III.
### ARGUMENT AND AUTHORITIES

**A. MCGUINESS CANNOT PROVE THAT THIS COURT HAS PERSONAL JURISDICTION OVER HARRISON**

McGuiness bears the burden of proving that this Court has personal jurisdiction over Harrison, a non-resident defendant. *Massachusetts School of Law at Andover, Inc. v. American Bar Assoc.*, 142 F.3d 26, 34 (1st Cir. 1998); *Interface Group-Massachusetts, LLC v. Rosen*, 256 F. Supp.2d 103, 105 (D. Mass. 2003). To meet his burden, McGuiness must go beyond the pleadings and provide affirmative proof to support personal jurisdiction over Harrison. *Rosen*, 256 F. Supp. 2d at 105. McGuiness cannot do so because Harrison's limited contacts with Massachusetts do not support a finding of either general or specific personal jurisdiction as a matter of law.

**B. THIS COURT DOES NOT HAVE GENERAL JURISDICTION OVER HARRISON**

A district court may exercise authority over a non-resident defendant by virtue of either general or specific jurisdiction. *Massachusetts Sch. of Law at Andover*, 142 F.3d at 35. General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state. *Id.*; *Helicopteros Nacionales De Colombia, S.A. v. Hall*,

---

[5] Harrison Aff.

3

466 U.S. 408, 414-16 (1984). In *Helicopteros*, the United States Supreme Court held that the following contacts with the forum state were not continuous and systematic enough to support a finding of general jurisdiction: sending the defendant's chief executive to the forum state for a contract negotiation session; accepting checks drawn on a bank account in the forum state; purchasing helicopters, equipment and training services from a company in the forum state for substantial sums; and sending personnel to the forum state for training. *Helicopteros*, 466 U.S. at 416.

Like the defendant in *Helicopteros*, Harrison's contacts with Massachusetts are not continuous or systematic, and thus, do not support a finding of general jurisdiction. Harrison has not resided or been employed in Massachusetts, does not own personal or real property in Massachusetts, does not have a bank account in Massachusetts, has not conducted business in Massachusetts since 1990, and has not traveled to Massachusetts since 1995.[6] Clearly, Harrison's contacts with Massachusetts are limited and not systematic or continuous. Thus, this Court does not have general personal jurisdiction over Harrison.

### C. THIS COURT DOES NOT HAVE SPECIFIC JURISDICTION OVER HARRISON

Because the Court does not have general jurisdiction over Harrison, McGuiness must prove that this Court has specific jurisdiction. *Massachusetts Sch. of Law at Andover*, 142 F.3d at 35. Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum based activities, such as when the litigation itself is founded directly on those activities. *Id.* To prove that this Court has personal jurisdiction over Harrison, McGuiness must satisfy the rigors of both the Massachusetts long-arm statute and the due process requirements of the United States Constitution. *See Barrett v. Lombardi*, 239 F.3d 23,

---

[6] Harrison Aff.

26 (1st Cir. 2001). As discussed below, McGuiness cannot prove that this Court has jurisdiction under the Massachusetts long-arm statute let alone that the exercise of such jurisdiction complies with due process under the Constitution.

### 1. PERSONAL JURISDICTION OVER HARRISON IS IMPROPER UNDER THE MASSACHUSETTS LONG-ARM STATUTE

Harrison did not have sufficient contacts with Massachusetts to satisfy the requirements of the long-arm statute. The Massachusetts long-arm statute provides in relevant part:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity *arising from* the person's
>
> (a)   transacting any business in this commonwealth; ...
>
> (c)   causing tortious injury by an act or omission in this commonwealth;
>
> (d)   causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth; ...

MASS. GEN. LAW. c.223A, § 3 (emphasis added). Compliance with the Massachusetts long-arm statute necessitates a showing that McGuiness' cause of action arises from Harrison's conduct affecting the Commonwealth of Massachusetts. *Barrett v. Lombardi*, 239 F.3d at 26; *Debreceni v. Bru-Jell Leasing Corp.*, 710 F. Supp. 15, 20 (D. Mass. 1989).[7] This Court does not have personal jurisdiction over Harrison under any of the provision of the Massachusetts long-arm statute.

---

[7] This relatedness requirement of the Massachusetts long-arm statute mirrors the constitutional relatedness requirement discussed below in section III.C.2.a. *United Electrical, Radio and Machine Workers of America v. 163 Pleasant Street Corp*, 960 F.2d 1080, 1087 (11th Cir. 1992).

### a. HARRISON DID NOT TRANSACT BUSINESS IN MASSACHUSETTS

This Court does not have personal jurisdiction under subsection 3(a) of the long-arm statute – the transacting business subsection. In order for this subsection to apply, Harrison's business presence in Massachusetts must be ***substantial*** or have a ***significant impact*** upon the transaction that forms the basis for the cause of action. *United Electrical, Radio and Machine Workers of America*, 960 F.2d at 1086. This test focuses on whether Harrison attempted to participate in Massachusetts' economic life. *Id.* at 1087. In *Mas Marques v. Digital Equip. Corp.*, 637 F.2d 24, 28 (1st Cir. 1980), the First Circuit held that the non-resident defendant did not transact business in Massachusetts by buying half of its inventory and some bookkeeping and accounting services from its resident parent.

Likewise, Harrison did not transact business in Massachusetts. Indeed, McGuiness cannot present any evidence that Harrison attempted to participate in the economic life of Massachusetts. Harrison does not own property, maintain bank accounts, sell goods, advertise, or solicit business in Massachusetts. Moreover, Harrison has not worked on any transactions in Massachusetts on behalf of TXU Energy Solutions because it has not had any projects in Massachusetts.[8] Clearly, these facts establish that Harrison has not attempted to participate in Massachusetts' economic life. Thus, Harrison is not transacting business in Massachusetts as defined by the long-arm statute.

### b. HARRISON DID NOT ENGAGE IN AN ACT OR OMISSION IN MASSACHUSETTS CAUSING A TORTIOUS INJURY

This Court does not have personal jurisdiction over Harrison under the "causing tortious injury by act or omission in" Massachusetts language of subsection 3(c) of the long-arm statute.

---

[8] Harrison Aff.

To establish jurisdiction under this subsection of the long-arm statute, McGuiness must establish that Harrison engaged in a tortious act or omission within Massachusetts. *Buckeye Associates, Ltd. v. Fila Sports, Inc.*, 616 F. Supp. 1484, 1492 (D. Mass. 1985) (abrogated on other grounds by *Amtrol, Inc. v. Vent-Rite Vlave Corp.*, 646 F. Supp. 1168 (D. Mass. 1986)). In *Buckeye*, the Court determined that contacting individuals in Massachusetts with the purpose of injuring the plaintiff is not an act within the state under subsection 3(c) of the long-arm statute.

Like the defendant in *Buckeye*, Harrison did not cause a tortious injury by act or omission in Massachusetts. McGuiness' Complaint does not contain any allegations that Harrison engaged in tortious acts or omissions within Massachusetts. Indeed, the only tortious act alleged in this case is the termination of McGuiness' employment.[9] Significantly, the decision to terminate McGuiness' employment was made ***in Texas***, and Harrison did not travel to Massachusetts to terminate McGuiness.[10] Thus, McGuiness cannot prove that Harrison caused a tortious injury by acts or omissions occurring in Massachusetts.

### c. HARRISON'S ACTS OUTSIDE OF MASSACHUSETTS DO NOT SUPPORT A FINDING OF PERSONAL JURISDICTION

This Court cannot exercise personal jurisdiction over Harrison by virtue of subsection 3(d) of the long-arm statute. Subsection 3(d) of the long-arm statute allows a plaintiff to file suit for injuries in Massachusetts based on tortious acts or omissions occurring outside the state if the defendant regularly does or solicits business in Massachusetts, engages in any persistent course of conduct in Massachusetts, or derives substantial revenue from goods used or consumed or services rendered in Massachusetts. *Id.*; *Buckeye Associates, Ltd.*, 616 F. Supp at 1493.

---

[9] McGuiness' Complaint ¶¶ 10-14

[10] Harrison Aff.

7

In *Buckeye Associates, Ltd.*, 616 F. Supp at 1493, the Court held that subsection 3(d) of the long-arm statute did not establish personal jurisdiction over the non-resident defendant. The Court concluded that there was no evidence that the non-resident defendant regularly did or solicited business in Massachusetts or engaged in a persistent course of conduct in the state even though it shipped products to department stores located in the state. The Court further determined that the non-resident defendant did not derive substantial revenue from the sale of its products in Massachusetts despite the fact that the non-resident defendant's sales in Massachusetts were approximately two percent of its total gross national sales.

Similarly, Harrison ***does not*** regularly do or solicit business in Massachusetts, engage in persistent conduct in the state or derive substantial revenue in the state. As an initial matter, McGuiness has not alleged the that Harrison conducted or solicited business in Massachusetts, derived any revenue from Massachusetts, or engaged in a persistent course of conduct in Massachusetts. First, Harrison has not conducted or solicited business in Massachusetts while employed with TXU Energy Solutions. The last time he did business in Massachusetts was fourteen years ago. Second, Harrison has not derived any revenue or benefits from goods used or services rendered in Massachusetts. And third, Harrison has not engaged in a "persistent course of conduct" in Massachusetts as his contacts were few and far between as discussed above.[11] As such, McGuiness cannot establish that personal jurisdiction exists over Harrison under the Massachusetts long-arm statute.

---

[11] Harrison Aff.

8

2.   **PERSONAL JURISDICTION OVER HARRISON DOES NOT COMPORT WITH THE DUE PROCESS REQUIREMENTS OF THE CONSTITUTION**

Even if McGuiness is able to establish that personal jurisdiction over Harrison is proper pursuant to the Massachusetts long-arm statute, which he cannot do, he must also prove that the exercise of such jurisdiction comports with due process under the Constitution. *See Massachusetts Sch. of Law at Andover,* 142 F.3d at 35. In determining whether the exercise of personal jurisdiction comports with due process, the First Circuit has implemented a three-part analysis referred to as the "relatedness," "purposeful availment," and "reasonableness" test. *United Electrical, Radio and Machine Workers of America,* 960 F.2d at 1089. First, McGuiness must prove that the claim underlying the litigation directly relates to or arises out of Harrison's in-state contacts with Massachusetts. *Id.* Second, McGuiness must prove that Harrison's in-state contacts represent a purposeful availment of the privilege of conducting activities in Massachusetts, thereby invoking the benefits and protections of the state's laws and making Harrison's involuntary presence before the state's courts foreseeable. *Id.* Third, if McGuiness clears the first two hurdles, which he cannot do, he must prove that the exercise of personal jurisdiction is reasonable in light of the Gestalt factors. *Id.* An affirmative finding that *each* of the three elements exists is required to support a finding of specific jurisdiction. *Phillips Exeter Academy v. Howard Phillips Fund, Inc.,* 196 F.3d 284, 288 (1st Cir. 1999). McGuiness cannot establish that any of the elements exists. Thus, he cannot prove that the exercise of personal jurisdiction over Harrison in this case comports with the due process requirements of the Constitution.

a.   **MCGUINESS' CLAIM DOES NOT ARISE OUT OF AND IS NOT RELATED TO HARRISON'S CONTACTS WITH MASSACHUSETTS**

In order for the extension of personal jurisdiction to survive constitutional scrutiny, McGuiness' claim must "arise out of, or be related to," Harrison's in-forum activities. *Phillips*

9

*Exeter Academy*, 196 F.3d at 288; *Massachusetts School of Law at Andover*, 142 F.3d at 35. To prove relatedness for a tort cause of action (as opposed to a contract cause of action),[12] McGuiness must establish cause in fact (i.e., the injury would not have occurred "but for" Harrison's in-forum activity) *and* legal cause (i.e., Harrison's in-forum conduct gave birth to the cause of action). *Phillips Exeter Academy*, 196 F.3d at 288; *Massachusetts School of Law at Andover*, 142 F.3d at 35..

In *Massachusetts School of Law at Andover*, eight non-resident defendants denied the Massachusetts School of Law at Andover's application for accreditation at a meeting in Brooklyn. Despite the fact that this decision had effects in Massachusetts, the First Circuit held that this conduct did not surpass the relatedness hurdle. 142 F.3d at 35. *See also Phillips Exeter Academy*, 196 F.3d at 288 (the receipt of payment in the forum state was an effect of an extra-forum act, and thus, inadequate to support a finding of relatedness).

In this case, McGuiness has not proven that Harrison's in-forum contacts relate to his claim that Harrison aided and abetted TXU Energy Solutions alleged retaliation against McGuiness. McGuiness' Complaint utterly fails to demonstrate that his claim arises out of, or relates to, Harrison's in-forum activities. In fact, McGuiness' claim does not relate to Harrison's in forum contacts. Indeed, Harrison has never been to Massachusetts for any reason related to McGuiness' employment with TXU Energy Solutions and the decision to terminate Harrison was made in Texas – not Massachusetts. The last time Harrison was in Massachusetts was for a vacation in 1995 – four years before McGuiness' employment with TXU Energy Solutions began. And, the last time he conducted business in Massachusetts was in 1990 – nine years

---

[12] McGuiness does not allege that Harrison breached a contract. Instead, he alleges a tort claim of aiding and abetting retaliation. Complaint ¶¶ 12-14.

before McGuiness' employment began.[13]   Thus, these contacts do not and cannot relate to McGuiness' claim because the claim stems from his employment which did not begin until 1999.

### b. HARRISON DID NOT PURPOSEFULLY AVAIL HIMSELF TO MASSACHUSETTS

McGuiness cannot prove that Harrison purposefully availed himself to Massachusetts. The "purposeful availment" inquiry is only satisfied when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these contacts. In other words, McGuiness must prove that Harrison benefited from his contacts in such a way that made it foreseeable that McGuiness could haul him into court in Massachusetts. *Phillips Exeter Academy*, 196 F.2d at 288 (non-resident did not purposefully avail himself to the forum state by making annual payments to the plaintiff in the forum state); *Massachusetts School of Law at Andover*, 142 F.3d at 36-37 (defendant ***did not*** purposefully avail himself to Massachusetts even though he engaged in the following activities: participated in a meeting in Massachusetts, held a telephone call with someone in Massachusetts and sent a memorandum to Massachusetts).

McGuiness has not alleged *any* contacts by Harrison in Massachusetts nor has he alleged that Harrison expected to receive or received any benefits from such contacts. Moreover, as stated earlier, Harrison has never transacted or solicited any business in Massachusetts while employed by TXU Energy Solutions and he has not derived any revenue or other benefit from Massachusetts.[14]  In short, he has not engaged in any activity which would invoke the benefits and protections of the laws of Massachusetts. As such, Harrison's presence before a

---

[13] Harrison Aff.

[14] Harrison Aff.

11

Massachusetts court could not have been reasonably foreseeable, and thus, he ***did not*** purposefully avail himself to Massachusetts.

### c.    THE EXERCISE OF JURISDICTION OVER HARRISON IS NOT REASONABLE

McGuiness cannot prove that the exercise of personal jurisdiction over Harrison is reasonable. Personal jurisdiction over a non-resident may only be exercised if it is reasonable in that it comports with the traditional notions of "fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 320 (1945). In this regard, courts have developed a series of factors that bear on the fairness of subjecting a non-resident to a foreign forum. These "Gestalt factors" are: (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies. *United Electrical, Radio and Machine Workers of America,* 960 F.2d at 1088.

All of the Gestalt factors militate against personal jurisdiction over Harrison. First – the burden of appearance. Harrison, an individual who works and resides in Texas, with absolutely no ties to Massachusetts, would undoubtedly be burdened by having to defend himself in Massachusetts.

Second – interest of the forum. Although a forum state has a significant interest in obtaining jurisdiction over a defendant who causes tortuous injury within its border, *Ticketmaster-New York, Inc. v. Alioto,* 26 F.3d 201, 211 (1st Cir. 1994), that interest is diminished where the injury occurred outside the forum state. *Sawtell v. Farrell,* 70 F.3d 1381,

1395 (1st Cir. 1995). Here, the decision to discharge McGuiness was made outside of Massachusetts.[15] Thus, McGuiness was not injured in Massachusetts.

Third – the plaintiff's convenience. While it is obvious that a Massachusetts forum is more convenient for McGuiness, there is no basis to find that McGuiness could not adequately resolve his dispute with Harrison in Texas.

Fourth – the administration of justice. This factor focuses on the judicial system's interest in obtaining the most effective resolution of the controversy. Here, the administration of justice would be equally effective if McGuiness brought his lawsuit in Texas.

Fifth – pertinent policy arguments. There are no policy arguments in favor of jurisdiction in Massachusetts where, as here, Harrison's contacts, if any, were few and sporadic and are entirely unrelated to McGuiness' cause of action against him.

## IV.
### CONCLUSION

McGuiness cannot prove that this Court has personal jurisdiction over Harrison. Personal jurisdiction does not exist under the Massachusetts long-arm statute. Even if it did, the exercise of personal jurisdiction over Harrison would not comport with the due process requirements of the United States Constitution because he does not have minimum contacts with Massachusetts. Thus, the Court's exercise of personal jurisdiction over Harrison is improper.

WHEREFORE, Defendant Scott Harrison respectfully requests that the Court grants his Motion to Dismiss for Lack of Personal Jurisdiction and such other and further relief to which he may be entitled.

---

[15] Harrison Aff.

Respectfully Submitted,

SCOTT HARRISON
By his Attorneys

/s/ W. Stephen Cockerham
Gregory A. Manousos, BBO # 631455
Morgan, Brown & Joy, LLP
One Boston Place
Boston, MA 02108
(617) 523-6666

W. Stephen Cockerham,
Texas Bar No. 04463300
Hunton & Williams LLP
Energy Plaza, 30th Floor
1601 Bryan Street
Dallas, TX  75201
(214) 979-3000

Dated: August 2, 2004

## LOCAL RULE 7.1 CERTIFICATION

The undersigned hereby certifies that, as required by Local Rule 7.1, Defendant's counsel attempted to confer with Plaintiff's counsel regarding the foregoing motion, but was unable to reach him.

/s/ W. Stephen Cockerham
W. Stephen Cockerham

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon attorney for plaintiff, Paul A. Manoff, Attorney at Law, 47 Winter Street, 4th Floor, Boston, MA 02108, by first class mail, on this 2nd day of August, 2004.

/s/ Gregory A. Manousos
Gregory A. Manousos

14

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PATRICK L. MCGUINNESS, )
)
Plaintiff, )   Civil Action No. 04 CV 11170 JLT
)
v. )
)
TXU ENERGY SOLUTIONS LP and )
SCOTT HARRISON, )
)
Defendants. )

STATE OF TEXAS §
§
COUNTY OF DALLAS §

### AFFIDAVIT OF SCOTT HARRISON

I, Scott Harrison, testify and declare the following under the penalty of perjury:

1. My name is Scott Harrison. I am over 21 years of age, am competent to testify as a witness, and have personal knowledge of the facts set forth in this Affidavit.

2. I am currently employed by TXU Energy Solutions Company LP ("TXU Energy Solutions") as the Director of Operations Management.

3. I am a resident of Texas and work in the Dallas, Texas office of TXU Energy Solutions. I have never resided or been employed in Massachusetts. I have not traveled to Massachusetts on business for TXU Energy Solutions. I have not transacted or solicited business in Massachusetts while employed with TXU Energy Solutions. The last time I conducted business in Massachusetts for an employer was in 1990, and it was not for TXU Energy Solutions.



1

4. I do not own any real or personal property or have any bank accounts in Massachusetts. I do not sell goods, advertise or solicit business in Massachusetts. I have not derived any revenue or benefit for goods used or services rendered in Massachusetts. I have not traveled to Massachusetts since 1995, when I vacationed there.

5. Patrick McGuiness began his employment with TXU Energy Solutions on or about January 1, 1999 when TXU Energy Solutions acquired Service Master Energy Management Company Group. During his employment, Mr. McGuiness was a project manager with the Energy Savings Agreement Group ("ESA"), which was based in Denver, Colorado. The Denver ESA Group is a subset of the Operations Management department of the Strategic Accounts Business Unit.

6. Mr. McGuiness reported directly to the ESA Operations Manager, who worked in Denver. In May 2002, Mr. McGuiness began reporting to Henry Clay Cox when Mr. Cox was promoted to the position of ESA Operations Manager. Mr. Cox, who worked and resided in Denver, reported to me. Neither the Denver ESA nor TXU Energy Solutions had any projects in Massachusetts.

7. Although Mr. McGuiness worked out of his home in Massachusetts, he spent approximately three weeks per month outside of Massachusetts because all of his projects were located in other states. Mr. McGuiness' projects were primarily located in North Carolina, New Hampshire, Colorado, and California.

8. I have never been to Massachusetts for any reason related to Mr. McGuiness' employment with TXU Energy Solutions. The decision to terminate Mr. McGuiness' employment was made in Texas and I did not travel to Massachusetts to terminate him.

9.  I declare under the penalty of perjury under the laws of the State of Massachusetts and the United States of America that the foregoing is true and correct, and this Affidavit was executed on August 2, 2004, in Dallas, Texas.

_____
Scott Harrison

SWORN TO AND SUBSCRIBED before me, the undersigned Notary Public on this day of August 2, 2004, to certify which witnessed my hand and official seal.



_____
Notary Public, the State of Texas

3

85379.040051 DALLAS 120160v1