UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*********************************
PATRICK L. MCGUINNESS,           *
                                 *
            Plaintiff            *
                                 *
v.                               *   C. A. NO. 04CV1170JLT
                                 *
TXU ENERGY SOLUTIONS LP and      *
SCOTT HARRISON,                  *
                                 *
            Defendants           *
*********************************
```

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT HARRISON'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

I. Nature of the Proceedings

This is an action for unlawful retaliation in employment. The plaintiff alleges that he wrote a letter on July 24, 2003 to his superiors at his employer (defendant TXU) protesting that one, Henry Clay Cox, an African-American, and the person to whom plaintiff directly reported, was the victim of race discrimination insofar as to how Cox was being treated within the company. One week later, on August 1, 2003, plaintiff was discharged after four years of exemplary employment from his position without meaningful explanation by defendant Harrison, to whom Cox directly reported.

Plaintiff alleges that he was discharged in retaliation for his opposition to discrimination against Cox. He has brought both federal and state claims arising under 42 U.S.C. § 2000e and G.L. c. 151B §§ 4, 9. Harrison alleges that as a resident of Texas, he is not subject to the jurisdiction of a Massachusetts Court.[1]

II. Additional Facts[2]

---

[1] Harrison was named as an individual defendant pursuant to G.L. c. 151B § 4, Paragraph 5.
[2] These are taken from the affidavit of plaintiff submitted herewith, and defendants' materials submitted to the court as well as uncontested allegations in the pleadings.

Plaintiff is a resident of Yarmouthport, Massachusetts, and while employed by TXU, worked out of a home office which TXU registered with the Commonwealth as its Massachusetts office.[3] Plaintiff spent most of his work hours during the last year of his employment working out of his Massachusetts home office and less than 10% of his time visiting TXU clients in other states.

Defendant Harrison was the manager of the department which employed plaintiff.[4] Mr. Cox, plaintiff's manager, reported directly to Harrison. During the course of plaintiff's employment with TXU, Harrison called plaintiff at his Massachusetts office in excess of 20 times to give plaintiff various directives. Additionally, Harrison sent plaintiff more than 50 e-mails which he received on his office computer in Massachusetts. Harrison was also responsible for approving the monthly expenses for plaintiff's (and TXU's) Massachusetts office. It is these contacts, plaintiff alleges, which enable this court to maintain jurisdiction over Harrison.

### III. Argument

As defendant Harrison recognizes, the threshold issue is whether this court may exercise jurisdiction over Harrison pursuant to G.L. c. 223A § 3. Plaintiff maintains that Harrison's conduct fits within the parameters of the statute.

Harrison maintains that there is no jurisdiction as to him under § 3(a) because he did not transact any business in Massachusetts. Plaintiff maintains that Harrison's frequent calls and e-mails to plaintiff in Massachusetts are sufficient to satisfy the requirements of § 3(a). The cases cited by Harrison are not on point. They deal with corporations which arguably did or didn't do

---

[3] Hence there is no dispute that TXU did business in Massachusetts.
[4] Harrison is alleged to have made or participated in the decision to discharge plaintiff following plaintiff's letter opposing discrimination against Cox.

business in Massachusetts. A better place to start would be the cases involving corporate officials, living out of state, who acted on behalf of corporations admittedly doing business in the state.

In <u>Yankee Group, Inc. v. Yamashita</u>, 678 F. Supp 20 (D. Mass. 1988), this court held that the statutory language of § 3(a) relative to transacting any business in the Commonwealth, is to be construed broadly. The court further held that the fact that the out of state defendant acted on behalf of a corporation and not in his individual capacity (with respect to his contacts in Massachusetts) is irrelevant. The court noted that Massachusetts has an interest in protecting its residents from the tortious conduct on the part of non-resident corporate officials.

In <u>Nova Biomedical Corp. v. Moller</u>, 629 F.2d 190, 193 (1st Cir. 1980), the First Circuit Court of Appeals, likewise held that the transacting any business clause of § 3(a) is to be construed broadly. The court held that the mailing of two letters into Massachusetts sufficed to give this court jurisdiction over an out of state corporate official.[5]

In <u>Barthel v. One Community, Inc.</u>, 233 F. Supp. 2d, 125, 127 (D. Mass. 2002), this court again affirmed that the transacting any business clause is to be construed broadly. The court concluded that telephone calls into Massachusetts may provide the basis for jurisdiction. See also, <u>North America Video Corp. v. Leon</u>, 480 F. Supp. 213, 217 (D. Mass. 1979, where this court also asserted jurisdiction over an out of state corporate official who made calls to and wrote letters to employees of the corporate employer.

---

[5] Of course, there needs to be a nexus between the corporate officials contacts in Massachusetts and the basis of the plaintiff's claim, <u>Debreceni v. BrunJell Leasing Corp.</u>, 710 F.Supp. 15, 20 (D. Mass. 1989, J. Tauro). Here that nexus is established as Harrison's contacts with Massachusetts involved his supervision of McGuinness, and the claim arises from such supervision, namely Harrison's retaliatory act of discharging plaintiff following his letter relative to Cox.

Based on the above authority, it is clear that Harrison's activities in Massachusetts satisfy requirements of § 3(a) and this court may assert jurisdiction over him. Likewise, Harrison is subject to this court's jurisdiction by virtue of § 3(d). That section requires a tortious injury which took place outside the state (here the unlawful discharge of McGuinness) which causes injury in this state (satisfied as McGuinness is a Massachusetts resident). This section also requires that the defendant regularly does business in Massachusetts. Again, Harrison's activities, calling McGuinness, e-mailing him, approving his expenses, and otherwise supervising him, are sufficient to establish that Harrison engaged in a persistent course of conduct in Massachusetts and/or did business in Massachusetts.

Finally, Harrison correctly notes that any assertion of jurisdiction must meet due process standards. As this court noted in <u>Yankee Group, Inc. v. Yamashita</u>, <u>supra</u>, at 23, the minimum contacts with the forum state, required by the due process clause, are met by a defendant who is a corporate agent, phoning corporate officials in Massachusetts and/or by mailing them in Massachusetts. As Harrison notes, there must be a nexus between Harrison's forum activity and the basis of the claim. Here, that is satisfied because the basis of the claim is Harrison's supervision of the Massachusetts plaintiff. The fact that the decision to terminate was made in Texas is irrelevant. Harrison supervised and communicated often with a Massachusetts employee. That supervision resulted in plaintiff's discharge. Defendant's memorandum is silent, not surprisingly, on Harrison's communications with McGuinness. Harrison relies, solely on his not having set foot in Massachusetts while supervising plaintiff. Harrison purposely directed his activities towards the forum by virtue of his constant and long term supervision of plaintiff. He should not be surprised that his termination of plaintiff should give rise to a claim by plaintiff in Massachusetts.

Finally, plaintiff notes that the fair play factors mentioned by Harrison do <u>not</u> militate against an assertion of jurisdiction here. Harrison does not have an unfair burden in appearing here. He is employed by a large company which does business here and has retained lawyers both here and in Texas to defend the company and Harrison. Even if Harrison was not named as an individual defendant, he would likely appear here as a witness in the case. Also, the corporate defendant is not likely to insist that Harrison shoulder any of the expenses of appearing here. Moreover, the forum state has a major interest in adjudicating the dispute. Plaintiff is not only a Massachusetts resident, but his employment which is the subject matter the claim, was performed mostly here. The injury did <u>not</u> occur outside the state, here the action causing the injury took place in Texas, but the injury, itself, wholly lies here. Forcing plaintiff to litigate this dispute in Texas or here, without Harrison, would greatly inconvenience plaintiff, and Texas, of course, has very little interest in this dispute.

## IV. <u>Conclusion</u>

For the foregoing reasons, plaintiff asks that defendant Harrison's motion to dismiss be denied and that this action go forward against all defendants.

Patrick L. McGuinness
by his attorney,

Date: _____

Paul A. Manoff
47 Winter St., 4th Fl.
Boston, MA 02108
(617) 542-4620
BBO# 318220

### CERTIFICATE OF SERVICE

I, Paul A. Manoff, hereby certify that on August 24, 2004 I served a copy of the above document on the defendants by mailing a copy, first class, postage prepaid to W. Stephen Cockerham, Hunton & Williams, 1601 Bryan Street, 30th Floor, Dallas, TX 75201.

Date: _____

Paul A. Manoff

mcguinness\opmtndis

-5-