**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **PATRICK L. MCGUINNESS,** Plaintiff, v. **TXU ENERGY SOLUTIONS LP and SCOTT HARRISON,** Defendants. | **Civil Action No. 04 CV 11170 JLT** **ORAL ARGUMENT REQUESTED** |

**DEFENDANT SCOTT HARRISON'S MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO HIS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Scott Harrison files this motion for leave to reply to Plaintiff Patrick L. McGuinness' Memorandum in Opposition to Harrison's Motion to Dismiss for Lack of Personal Jurisdiction ("Opposition") as follows:

1. Harrison requests that this Court allow him to file a reply to McGuinness' Opposition because the cases on which McGuinness relies do not support the proposition that this Court has personal jurisdiction over Harrison because he infrequently emailed and telephoned McGuinness in Massachusetts. This reply is attached hereto as Exhibit A.

2. In his Opposition, McGuinness incorrectly cites to four cases. These cases do not support the proposition that Harrison's conduct of infrequently telephoning, and sending e-mails to McGuinness in Massachusetts rises to the level of transacting business in Massachusetts under the long-arm statute or the minimum contacts analysis. *See Nova Biomedical Corp. v. Moller*, 629 F.2d 190 (1st Cir. 1980); *Barthel v. One Community, Inc.*, 233 F. Supp. 2d 125 (D. Mass. 2002); *Yankee Group, Inc. v. Yamashita*, 678 F. Supp. 20 (D. Mass. 1988); *North America Video*

*Corp. v. Leon*, 480 F. Supp. 213 (D. Mass. 1979). Indeed, in each and every one of these cases, the individual defendant over which the Court exercised personal jurisdiction traveled to Massachusetts for reasons at least tangentially related to the issues raised in the litigation. In this case, it is undisputed that Harrison never traveled to Massachusetts for any reason related to this litigation. Because McGuinness improperly relies on these cases, Harrison needs to file a reply to demonstrate that they are distinguishable from, and thus inapplicable to, this case.

Wherefore, Defendant Scott Harrison respectfully requests that this Court grant his Motion for Leave to File Reply to Plaintiff's Memorandum in Opposition to his Motion to Dismiss for Lack of Personal Jurisdiction and grant him such other relief to which he is entitled.

Respectfully Submitted,

SCOTT HARRISON
By his Attorneys

/s/ W. Stephen Cockerham

Gregory A. Manousos, BBO # 631455
Morgan, Brown & Joy, LLP
One Boston Place
Boston, MA 02108
(617) 523-6666

W. Stephen Cockerham,
Texas Bar No. 04463300
Hunton & Williams LLP
Energy Plaza, 30th Floor
1601 Bryan Street
Dallas, TX 75201
(214) 979-3000

Dated: September 3, 2004

**LOCAL RULE 7.1 and 37.1 CERTIFICATION**

The undersigned hereby certifies that, as required by Local Rules 7.1 and 37.1, Defendants' counsel attempted to confer with Plaintiff's counsel regarding the foregoing motion, and attempted in good faith to resolve or narrow the issue.

______________________________
Gregory A. Manousos

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon attorney for plaintiff, Paul A. Manoff, Attorney at Law, 47 Winter Street, 4th Floor, Boston, MA 02108, by first class mail, on this 3rd day of September, 2004.

/s/ Gregory A. Manousos
Gregory A. Manousos