## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PATRICK L. MCGUINNESS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04 CV 11170 JLT |
| | ) | |
| v. | ) | |
| | ) | |
| TXU ENERGY SOLUTIONS LP and | ) | ORAL ARGUMENT REQUESTED |
| SCOTT HARRISON, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT SCOTT HARRISON'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO HIS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant Scott Harrison files this reply to Plaintiff Patrick L. McGuinness' Memorandum in Opposition to Harrison's Motion to Dismiss for Lack of Personal Jurisdiction ("Opposition") as follows:

### I.
### INTRODUCTION

In his Opposition, McGuinness argues that this Court has personal jurisdiction over Harrison because Harrison called McGuinness at his Massachusetts office in excess of 20 times and "probably" sent McGuinness more than 50 e-mails that he received in his Massachusetts office. McGuinness' arguments fail because the cases on which he relies ***do not*** stand for the proposition that mere phone calls and e-mails to Massachusetts constitute transacting business within the state for purposes of the Massachusetts long-arm statute or minimum contacts. Indeed, each and every case cited by McGuinness is distinguishable from this case. As a result, McGuinness cannot prove that this Court has personal jurisdiction over Harrison. Accordingly, this Court should dismiss the case against Harrison for lack of personal jurisdiction.

**II.**
**ARGUMENT AND AUTHORITIES**

**A.    HARRISON WAS NOT TRANSACTING BUSINESS IN MASSACHUSETTS FOR PURPOSES OF THE MASSACHUSETTS LONG-ARM STATUTE**

In his Opposition, McGuinness cites a number of cases in support of his contention that the Court has personal jurisdiction over Harrison under § 3(a) of the Massachusetts long-arm statute.[1]  Contrary to McGuinness' claims, the cases on which he relies in his Opposition do not support the proposition that Harrison's conduct of telephoning and sending e-mails to McGuinness rises to the level of transacting business in Massachusetts under § 3(a) of the long-arm statute.  *See Nova Biomedical Corp. v. Moller*, 629 F.2d 190 (1st Cir. 1980); *Barthel v. One Community, Inc.*, 233 F. Supp. 2d 125 (D. Mass. 2002); *North America Video Corp. v. Leon*, 480 F. Supp. 213 (D. Mass. 1979); *Yankee Group, Inc. v. Yamashita*, 678 F. Supp. 20 (D. Mass. 1988).  In each and everyone of these cases, the individual defendant over which the Court exercised jurisdiction traveled to Massachusetts for reasons at least tangentially related to the issues raised in the litigation.

In *Yankee Group*, the Court held that to establish jurisdiction over a nonresident corporate officer, a plaintiff has to establish that there is an independent basis for requiring the officer to defend in a foreign court.  678 F. Supp. at 22.  It is not enough for a plaintiff to show that the officer's employer transacts business in Massachusetts.  To meet its burden, a plaintiff has to establish that the officer ***personally*** transacted business within Massachusetts, either on personal business or on behalf of the corporation.  *Id.*  In *Yankee Group*, the Court found that the corporate officer in question had personally transacted business within Massachusetts to the

---

[1] Personal jurisdiction arises under § 3(a) where a person "transacts business" in Massachusetts.  Mass. Gen. Law. c223A § 3(a).

degree necessary to provide the court with personal jurisdiction over the officer. *Id.* at 23. The primary factor noted by the Court was that the officer *visited* Massachusetts two or three times a year for several years to conduct business with the plaintiff company.[2] The Court also noted that the officer telephoned plaintiff officials, sent them letters and transmitted telexes to them in Massachusetts.

In *Nova Biomedical Corp.*, the First Circuit *did not* hold that the mailing of two letters into Massachusetts sufficed to give the Court personal jurisdiction over the individual defendant in a patent infringement case. *See* McGuinness' Opposition at 3. The individual defendant had a cross-licensing agreement with a Massachusetts company covering the patent involved in the suit, sold products and chemicals to the other party to the cross-licensing agreement, visited Massachusetts three times, conducted or planned patent-related business activity in Massachusetts either directly or indirectly, and sent two letters to Massachusetts charging patent infringement and threatening suit. Under these circumstances, the Court held that the individual defendant transacted business in Massachusetts for purposes of the long-arm statute. *Nova Biomedical Corp.*, 629 F.2d at 192, 195-96.

*Barthel* does not stand for the proposition that telephone calls, alone, provide the basis for personal jurisdiction. *See* McGuinness' Opposition at 3. Indeed, in that case, the Court held that one of the individual defendants transacted business in Massachusetts because he *often* visited the corporate defendant's office in Massachusetts, he supervised the Massachusetts office's sales activities and he served as the sponsor of the account at issue in the litigation. The Court also held that the other individual defendant transacted business in Massachusetts because he visited

---

[2] There was no dispute in *Yankee Group* that the officer's contacts in Massachusetts related to the matter in dispute. Plaintiff admits in his Opposition that there needs to be a nexus between the officials contacts with Massachusetts and the basis of Plaintiff's claims.

the office once and he participated in several telephone conferences and other *weekly* sales calls. *Barthel*, 233 F. Supp. 2d at 127.

The individual defendant in *North American Video Corp.* did not just make calls and write letters to employees of the corporate employer in Massachusetts as alleged by McGuinness. *See* McGuinness' Opposition at 3. Not only did the individual defendant make phone calls and write letters to Massachusetts, but he also traveled to Massachusetts to attend business meetings with other employees of the corporate employer. It was all of these contacts that led the Court to conclude that the individual defendant transacted business in Massachusetts. *North American Video Corp.*, 480 F. Supp. at 217-19.

Unlike the individual defendants in the cases cited by McGuinness, Harrison did not travel to Massachusetts for any reason related to the subject matter of this lawsuit. In fact, he has never traveled to Massachusetts on behalf of TXU Energy Solutions for any purpose. Harrison Affidavit ¶ 3, 8. Plaintiff has not disputed this fact. Indeed, Plaintiff's allegations are limited to claims that Harrison contacted him by telephone and e-mails over some unspecified period of time.[3] As noted in Harrison's Motion to Dismiss, the focus of this analysis is whether Harrison attempted to participate in Massachusetts' economic life. *United Electrical, Radio and Machine Workers of America*, 960 F.2d 1080, 1086 (11th Cir. 1992). Even if Plaintiff's factual allegations are taken as true, Harrison's alleged activities do not meet this test for having "transacted business" in Massachusetts so that the Court has personal jurisdiction over Harrison.

---

[3] Plaintiff's reliance on the sending of e-mails by Harrison is not persuasive because Plaintiff's e-mail address is not location specific. As set out in Harrison's Affidavit, McGuinness' projects were located outside of Massachusetts and McGuinness spent significant time out of Massachusetts working on those projects. Thus, e-mails sent by Harrison to McGuinness were designed to reach him in whatever state he might be working.

McGuinness also claims that Harrison is subject to the Court's jurisdiction under § 3(d) of the Massachusetts long-arm statute, but cites no case law in support of this position. Subsection 3(d) allows a plaintiff to file suit for injuries in Massachusetts based on tortious acts or omissions occurring outside the state if the defendant regularly does or solicits business in Massachusetts, engages in any persistent course of conduct in Massachusetts, or derives substantial revenue from goods used or consumed or services rendered in Massachusetts. McGuinness has failed to meet his burden because Harrison does not regularly do or solicit business in Massachusetts, engage in persistent conduct in the state or derive substantial revenue in the state.

### B.    HARRISON DID NOT HAVE MINIMUM CONTACTS WITH MASSACHUSETTS

McGuinness relies solely on the *Yankee Group* case to support his claim that constitutional due process standards are met if the Court exercises personal jurisdiction over Harrison.  His Opposition, however, fails to identify the key factor cited in *Yankee Group* for finding personal jurisdiction:  the defendant had for several years ***visited*** Massachusetts two to three times a year to conduct business with the plaintiff in that case.    678 F. Supp. at 23.  As is undisputed, Harrison has not traveled to Massachusetts to conduct business on behalf of Defendant TXU Energy Solutions or to conduct business related to Plaintiff.

### C.    MCGUINNESS'S AFFIDAVIT IS INSUFFICIENT

Harrison objects to the document entitled "Affidavit of Patrick L. McGuinness," which was submitted in support of his Opposition.  Harrison objects because the document is not notarized.  Thus, the document is merely a signed statement by Mr. McGuinness and does not constitute an affidavit.    Moreover, it is conclusory in nature and fails to describe with particularity Harrison's alleged contacts with Massachusetts.  As such, the document should be given no or little weight.

**III.**

**CONCLUSION**

For the reasons stated herein and in Defendant Scott Harrison's Motion to Dismiss for

Lack of Personal Jurisdiction.

Respectfully Submitted,

SCOTT HARRISON
By his Attorneys

/s/ W. Stephen Cockerham
Gregory A. Manousos, BBO # 631455
Morgan, Brown & Joy, LLP
One Boston Place
Boston, MA 02108
(617) 523-6666

W. Stephen Cockerham,
Texas Bar No. 04463300
Hunton & Williams LLP
Energy Plaza, 30th Floor
1601 Bryan Street
Dallas, TX  75201
(214) 979-3000

Dated: September 3, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon attorney for plaintiff, Paul A. Manoff, Attorney at Law, 47 Winter Street, 4th Floor, Boston, MA 02108, by first class mail, on this 3rd day of September, 2004.

/s/ Gregory A. Manousos
Gregory A. Manousos

6