UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK L. MCGUINNESS,<br><br>    Plaintiff,<br><br>v.<br><br>TXU ENERGY SOLUTIONS LP and<br>SCOTT HARRISON,<br><br>    Defendants. | Civil Action No. 04 CV 11170 NG |

**FIRST AMENDED ANSWER FOR DEFENDANT TXU ENERGY SOLUTIONS LP AND ORIGINAL ANSWER FOR DEFENDANT SCOTT HARRISON**

Defendants TXU Energy Solutions LP ("Defendant TXU Energy Solutions") and Scott Harrison ("Defendant Harrison") (collectively, "Defendants") file this First Amended Answer For Defendant TXU Energy Solutions LP and Original Answer For Defendant Scott Harrison to Plaintiff Patrick McGuinness' ("Plaintiff") Complaint (the "Complaint").

1. Defendants admit that Plaintiff is a former employee of Defendant TXU Energy Solutions. Defendants admit that Plaintiff reported directly to Henry Clay Cox, Jr. ("Cox") beginning on or about May 2002. Defendants admit that Cox is an African American. Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

2. Defendants admit that the Court has subject matter jurisdiction under 28 U.S.C. § 1332. Defendants deny the remaining allegations in Paragraph 2 of the Complaint and deny that this Court has personal jurisdiction over Defendant Harrison.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

1

4. Defendants admit that Plaintiff is caucasian and is a citizen of the United States. Defendants are without information or sufficient knowledge to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 4 of the Complaint, and therefore, deny them.

5. Defendants admit Defendant TXU Energy Solutions is a for profit limited partnership with its principal place of business in Dallas, Texas. Defendants admit that Defendant Harrison was Director of Operations Management for the Energy Savings Agreement Group from either late 1999 or early 2000 until the present. Defendants admit that Defendant Harrison is a resident of Texas. Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

7. Defendants admit that Plaintiff was employed by Defendant TXU Energy Solutions from January 1, 1999 through August 1, 2003. Defendants admit that Plaintiff's last position with Defendant TXU Energy Solutions was project manager. Defendants deny the remaining allegations in Paragraph 7 of the Complaint.

8. Defendants deny the allegations in Paragraph 8 of the Complaint.

9. Defendants admit that Plaintiff sent an email to the company dated July 24, 2003. Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

11. Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants admit that Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination on or around November 11, 2003. Defendants admit that the complaint alleged that Plaintiff was discharged in retaliation for protesting "racially discriminatory treatment of [his] manager, Henry Clay Cox, Jr., an African-American." Defendants admit that the EEOC assigned the complaint a docket number of 16CA400387 and the MCAD assigned the complaint a docket number of 031303058. Defendants deny the remainder of the allegations of Paragraph 15 of the Complaint.

16. Defendants admit that the MCAD issued a Dismissal and Notification of Rights on January 5, 2004. Defendants deny the remainder of the allegations of Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

## JURY CLAIM

Defendants acknowledge that Plaintiff has requested a trial by jury. No further response is necessary.

## DEFENSES

Defendants assert the following defenses:

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred in whole or in part to the extent they are outside the applicable limitations periods.

3. Defendants had legitimate, non-retaliatory reasons for their alleged actions.

4. Plaintiff's claims are barred in whole or in part to the extent he failed to exhaust administrative remedies.

5. Plaintiff's claims are barred in whole or in part to the extent he failed to fulfill conditions precedent for filing this action.

6. Plaintiff's claims are barred in whole or in part to the extent they exceed the scope of the allegations contained in a timely-filed Charge of Discrimination.

7. Plaintiff's claims are barred in whole or in part to the extent the Court lacks personal jurisdiction over Defendant Harrison.

8. Plaintiff's damages are limited to the extent Plaintiff failed to mitigate his damages.

9. Plaintiff is not entitled to some or all of the relief requested in the Complaint because Defendants' alleged actions were not malicious, egregious, in bad faith, or in willful or reckless indifference or disregard of any legal rights of Plaintiff.

10. Plaintiff's claims are barred because he has not engaged in any protected activity.

11. Plaintiff's claims for relief are limited to the extent statutory damages limitations apply.

12. Defendants deny that Plaintiff was subjected to any retaliatory employment practices but states that, if such a practice is found, the same employment decisions would been made in the absence of retaliatory motive.

13. Plaintiff's claim for punitive damages violates the United States Constitution and such claim does not bear a reasonable relationship to either (1) the degree of reprehensibility involved in Defendants' alleged conduct; (2) the alleged harm; or (3) damages awarded in comparable cases as required by the United States Supreme Court.

## CONCLUSION

WHEREFORE, having stated its affirmative and additional defenses and having fully answered Plaintiff's Complaint, Defendants pray as follows:

    a.      That the Court dismiss all claims against Defendants with prejudice;

    b.      That the Court enter judgment against Plaintiff and in favor of Defendants;

    c.      That costs be assessed against Plaintiff;

    d.      That Defendants be awarded their attorneys' fees and costs incurred in the defense of this action; and

    e.      That the Court render to Defendants such other and further relief as it deems just and proper.

Respectfully Submitted,

TXU ENERGY SOLUTIONS LP and SCOTT HARRISON
By Their Attorneys


/s/ W. Stephen Cockerham
Gregory A. Manousos, BBO # 631455
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, MA 02109
(617) 523-6666

W. Stephen Cockerham
Texas Bar No. 04463300
Paul W. Bowen
Texas Bar No. 24043560
Hunton & Williams LLP
Energy Plaza, 30th Floor
1601 Bryan Street
Dallas, TX  75201
(214) 979-3000

Dated: April 11, 2005


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon attorney for Plaintiff, Paul A. Manoff, Attorney at Law, 47 Winter Street, 4th Floor, Boston, MA 02108, by first class mail, on this 11th day of April, 2005.

/s/ Leah M. Moore
Leah M. Moore